UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EMMA TINERELLA | ) |
| Plaintiff, | ) Case: 1:23-cv-05517 |
| v. | ) |
| CAPRI OF DOWNERS GROVE | ) |
| -and- | ) Jury Trial Demanded |
| BRIAN GREEN (individually), | ) |
| Defendant. | |

## COMPLAINT

Plaintiff, Emma Tinerella ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Capri Downers Grove ("Defendant") and against Brian Green ("Green") (individually for FLSA), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*, ("Title VII") and Illinois Human Rights Act (775 ILCS5/) ("IHRA") seeking redress for Defendant subjecting Plaintiff to sexual harassment, Defendant's discrimination on the basis of Plaintiff's sex, and Defendant's retaliation against Plaintiff for engaging in protected activity under the Title VII.

2. This lawsuit further arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") for Defendant's and Green's failure to pay minimum wage for all hours worked to Plaintiff.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

4. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

5. Counts II, IV, and VI have pendent jurisdiction and supplementary jurisdiction through 28 U.S.C. Section 1367.

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

7. A charge of employment discrimination on basis of sex, sexual harassment, and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B"), and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Emma Tinerella, resides in Cook County in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant Capri of Downers Grove is an entity doing business in and for DuPage County whose address is 5101 Main Street, Downers Grove, IL 60515.

11. At all times material to the allegations in this Complaint, Defendant Brian Green, resided in DuPage County in the State of Illinois.

12. Plaintiff was employed by Defendants as an "employee" within the meaning of 42 U.S.C §2000e(f).

13. During the applicable limitations period, Defendants have had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

14. Plaintiff was Defendants' "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

15. Defendants were Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

16. Defendant Capri was an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

## **BACKGROUND FACTS**

17. Plaintiff was employed by Defendants as a server (a non-exempt employee) from on or about April 16, 2023 until on or about April 22, 2023.

18. Plaintiff's job duties as a server included, but were not limited to, the following:

    a. Provide excellent customer service;
    b. Demonstrate the requisite knowledge of the food and drink menu;
    c. Deliver orders efficiently and accurately; and
    d. Follow state and local sanitation and food safety procedures.

19. Plaintiff performed a specific job which was an integral part of the business of Defendants.

20. Defendant Capri is owned and operated by Defendant Brian Green.

21. Defendants subjected Plaintiff to different terms and conditions of employment than others not within her protected class.

22. Plaintiff has also been subjected to a hostile work environment on the basis of sex, violating Title VII.

23. Plaintiff is female and is a member of a protected class because of her sex whom Defendant subjected to different terms and conditions of employment than others not within her protected class.

24. During her employment for Defendant, Plaintiff met or exceed Defendant's performance expectations in all areas.

25. On or around April 16, 2023, Defendant Capri's owner, Brian Green (male), began making inappropriate, sexually-charged comments towards Plaintiff.

26. He asked Plaintiff if she was married.

27. Plaintiff would respond, "no", while attempting to rebuff his advances.

28. Mr. Green continued to interrogate Plaintiff regarding her marital status, asking things like why she was not married.

29. Plaintiff would respond telling Mr. Green that it was not his business and that she was uncomfortable, but Mr. Green just laughed off her concerns.

30. Despite Plaintiff's repeated objections, the harassment continued, with Mr. Green ogling Plaintiff.

31. Mr. Green would gaze at Plaintiff and make inappropriate comments about her physical appearance.

32. At one point, Mr. Green looked at Plaintiff and told her, "You have hair on your butt", making Plaintiff extremely uncomfortable and humiliated.

33. Mr. Green did not stop there, and instead told Plaintiff that he would "clean it off" for her, referring again to her buttocks.

34. The work environment became so unbearable due to the harassment on account of Plaintiff's sex, that Plaintiff was constructively discharged on or around April 22, 2023.

35. Because of Plaintiff's constructive discharge, Defendants now refuse to pay Plaintiff her agreed upon wages owed in retaliation for engaging in protected activity.

36. Because Defendant's refusal to pay Plaintiff for all hours work, Defendant has not paid Plaintiff minimum wages under the FLSA.

37. There is a basis for employer liability for the sexual harassment that Plaintiff was subjected to, as the individual that repeatedly sexually harassed Plaintiff was the owner of Defendant.

38. Plaintiff can show that she engaged in statutorily protected activity –a necessary component of her retaliation claim- by lodging direct complaints to Defendant Brian Green.

39. Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, to the extent they have not been destroyed by Defendant, are in Defendant's possession.

**COUNT I**
**Violation of Title VII of the Civil Rights Act**
**(Sexual Harassment)**

40. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

5

41. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

42. Defendants knew or should have known of the harassment.

43. The sexual harassment was severe or pervasive.

44. The sexual harassment was offensive subjectively and objectively.

45. The sexual harassment was unwelcomed.

46. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, due to Plaintiff's sex, female.

47. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

48. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
**Violation of Illinois Human Rights Act (775 ILCS5/)**
**(Sexual Harassment)**

49. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendants engaged in unlawful employment practices and subjected Plaintiff to sexual harassment, in violation of Illinois Human Rights Act (775 ILCS5/).

51. Defendants knew or should have known of the harassment.

52. The sexual harassment was severe or pervasive.

53. The sexual harassment was offensive subjectively and objectively.

54. The sexual harassment was unwelcomed.

55. Plaintiff is a member of a protected class under Illinois Human Rights Act (775 ILCS5/), due to her sex, female.

56. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

57. As a direct and proximate result of the sexual harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of the Title VII of the Civil Rights Act of 1964
### (Sex-Based Discrimination)

58. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

59. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

60. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendants.

61. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

62. Plaintiff's was constructively terminated on the basis of Plaintiff's sex.

63. Plaintiff is a member of a protected class under the Title VII, due to Plaintiff's sex.

64. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

65. As a direct and proximate result of the discrimination described above, Plaintiff

has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

**COUNT IV**
**Violation of the Illinois Human Rights Act, 775 ILCS5/**
**(Sex-Based Discrimination)**

66. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

67. By virtue of the conduct alleged herein, Defendants intentionally discriminated against Plaintiff based of Plaintiff's sex, in violation of the Illinois Human Rights Act, 775 ILCS5/.

68. Plaintiff met or exceeded performance expectations throughout the duration of her employment with Defendants.

69. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

70. Defendants constructively terminated Plaintiff's employment on the basis of Plaintiff's sex.

71. Plaintiff is a member of a protected class under the IHRA, due to Plaintiff's sex, female.

72. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

73. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT V
### Violation of Title VII of the Civil Rights Act
### (Retaliation)

74. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

75. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.

76. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant Brian Green about sexual harassment and sex-based discrimination that she was continuously subjected to by him.

77. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

78. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

79. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff..

80. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically constructive termination of her employment with Defendants.

81. By virtue of the foregoing, Defendants retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

82. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

83. As a direct and proximate result of the retaliation described above, Plaintiff has

suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VI
### Violation of Illinois Human Rights Act (775 ILCS5/)
### (Retaliation)

84. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

85. Plaintiff is a member of a protected class under the Illinois Human Rights Act, 775 ILCS5/.

86. During Plaintiff's employment with Defendants, Plaintiff reasonably complained to Defendant Brian Green about sexual harassment and sex-based discrimination that she was continuously subjected to.

87. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendants under the Illinois Human Rights Act, 775 ILCS5/.

88. In response to Plaintiff's complaint, Defendants failed to conduct a prompt, thorough, and objective investigation of Plaintiff's complaint of sexual harassment and sex-based discrimination.

89. Defendants also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

90. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically constructive termination of her employment with Defendants.

91. By virtue of the foregoing, Defendants retaliated against Plaintiff based on reporting the sexual harassment or sex-based discrimination, thereby violating the Illinois Human Rights Act, 775 ILCS5/.

92. Defendants acted in willful and reckless disregard of Plaintiff's protected rights.

93. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT VII
### Violation of the Fair Labor Standards Act- Minimum Wages

94. Plaintiff repeats and re-alleges paragraphs 1-39 as if fully stated herein.

95. This count arises from Defendant Capri and Defendant Green's violations of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., for its failure to pay minimum wages to Plaintiff for all time worked.

96. During the course of her employment by Defendants, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

97. Plaintiff was directed by Defendants to work, and did work, and was not paid for all hours worked.

98. Pursuant to 29 U.S.C. §206, for all weeks during which Plaintiff worked she was entitled to be compensated at a rate 100% of her regular rate of pay.

99. Defendants did not compensate Plaintiff at a rate of 100% of her regular rate of pay for all hours worked in individual workweeks.

100. Defendants' failure and refusal to pay minimum wages for all hours worked was a violation of the Fair Labor Standards Act, 29 U.S.C. §206.

101. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff minimum wage pay for all time worked.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Pre-judgment and post-judgment interest;

    f.    Injunctive relief;

    g.    Liquidated damages;

    h.    Punitive damages;

    i.    Reasonable attorney's fees and costs; and

    j.    For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 15th day of August, 2023.

    */s/ Chad W. Eisenback*
    **CHAD W. EISENBACK, ESQ.**
    IL Bar No.: 6340657
    **SULAIMAN LAW GROUP LTD.**
    2500 S. Highland Avenue, Suite 200
    Lombard, Illinois 60148
    Phone (331) 307 - 7632
    Fax (630) 575 - 8188
    ceisenback@sulaimanlaw.com
    *Attorney for Plaintiff*